## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

WALTER EARNEST                                    Case No. 5:23-cv-339

      Plaintiff,

vs.

LAKE SAUNDERS POINTE HOMEOWNERS
ASSOCIATION INC.

      Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff WALTER EARNEST, by and through his

undersigned counsel, and sues Defendant LAKE SAUNDERS POINTE

HOMEOWNERS ASSOCIATION INC. and states as follows:

### I. NATURE OF THE ACTION

1.     This is a civil action brought pursuant to the Fair Housing Act (hereinafter

"FHA"), 42 U.S.C.  3601, and the Florida Fair Housing Act, §760.20, *et seq*.

(hereinafter "FFHA"), stemming from unlawful discrimination against Plaintiff

WALTER EARNEST, a person with disabilities by Defendant LAKE

SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. Defendant LAKE

SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. violated the FHA

and FFHA by refusing to make reasonable accommodations to its rules, polices,

practices, or services, when such an accommodation was necessary to afford

Plaintiff an equal opportunity to use and enjoy his dwelling and by demanding that

he remove his emotional support animal without conducting an individual

assessment to determine whether his emotional support animal poses a direct threat

to other residents and their property that could not be mitigated.

## II. JURISDICTION AND VENUE

2.      This Court has original jurisdiction pursuant to 11 U.S.C. § 1331, 42 U.S.C.

§ 3616, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601

et seq. and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims

under the Florida Fair Housing Act, § 760.20, et seq.

3.      Venue is proper in the Middle District of Florida under 28 U.S.C. §1391(b)

because these claims arose in this judicial district.

## III. PARTIES

4.      Plaintiff WALTER EARNEST ("EARNEST") is an individual with

disabilities that qualify him for the protections of the FHA and FFHA.

5.       EARNEST resides at 2751 Coral Reef Way, Tavares, FL 32778 within the

LAKE SAUNDERS community.

6.      Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION

INC. ("ASSOCIATION") is a Florida non-profit corporation, organized and

operating pursuant to Chapter 718, Florida Statutes.

7.      The ASSOCIATION's principal address is 1613 Lake Villa Drive, Tavares,

FL 32778.

8.      The ASSOCIATION is responsible for administering and governing its

housing association pursuant to its Articles of Incorporation, By-Laws, and its Rules

and Regulations.

9.      The housing units within the Lake Saunders community are "dwellings"

within the meaning of 42 U.S.C. § 3602(b), FHA, as well as § 760.22(4) of the

FFHA.

10.     The ASSOCIATION is subject to the anti-discrimination provisions of both

the FHA and FFHA.

## IV. FACTUAL ALLEGATIONS

11.     EARNEST suffers from mental and physical impairments, specifically

clinical depression, generalized anxiety and chronic pain. His disabilities

substantially limit his major life activities. Therefore, EARNEST is a person with a

"handicap" pursuant to 42 U.S.C. § 3602(h), FHA and § 760.22(7), FFHA.

12.     In order to have equal use and enjoyment of his home EARNEST obtained a

dog, "Dora," to be his emotional support animal.

13.     Dora was adopted from the Lake County Animal Shelter on or about August 31, 2020.

14.     Dora assists EARNEST in coping with his disabilities by providing companionship and emotional support that helps ameliorate the symptoms of EARNEST's depression and anxiety and chronic pain.

15.     In late 2022, after living in the Lake Saunders community for almost two and a half years without incident, Dora backed out of her harness while EARNEST was picking up after her and ran at another dog.

16.     A dog fight between the two dogs quickly ensued.

17.     EARNEST's neighbor Jennie Gallagher was able to scoop up the dog that Dora was fighting with, but in the process suffered a puncture to her hand and was scratched in the face.

18.     The other dog received a puncture wound that required one stich.

19.     A few months later Dora slipped out the front door and attacked a small dog when EARNEST opened the door to look for a delivery he was expecting. The dog's owner received a superficial laceration and a scratch on her ankle in separating the dogs.

20.     EARNEST encourage his neighbor to seek medical treatment, which she did, but she did not require sutures, and EARNEST paid the medical bill.

21.     EARNEST has taken multiple steps to ensure that Dora remains under his control so that there are no more encounters between Dora and other dogs in the community.

22.     EARNEST has obtained a "no escape" harness and only allows her outside his unit to relieve herself.

23.     Additionally EARNEST loads Dora in his vehicle inside his garage with the garage door closed and takes her to an offsite dog park for exercise.

24.     Earnest has enlisted the help of a professional dog trainer to work with Dora on her reactivity to other dogs.

25.     On March 2, 2023 EARNEST informed the ASSOCIATION that he had enlisted a professional dog trainer to address Dora's reactivity to other dogs and asked for a reprieve from removing Dora to work with the trainer.

26.     Nonetheless, on March 13, 2023 the ASSOICATION's Board voted to revoke EARNEST's right to have Dora in the Lake Saunders community.

27.     On or about April 12, 2023, EARNEST, through his counsel, requested that as an accommodation of his disability the ASSOCIATION reconsider the revocation of his approval to continue living with Dora because he needs Dora for disability related emotional support. A copy of the April 12, 2023 letter from EARNEST's counsel is marked, attached hereto and incorporated by reference as Exhibit 1.

28.    The letter from EARNEST's counsel describes the actions taken by EARNEST to mitigate any risk Dora poses to other residents and offered that EARNEST would muzzle Dora when she is outside as a condition to the dog remaining with EARNEST in the Lake Saunders community.

29.    The letter from EARNEST's counsel also states that she is "happy to discuss this matter at your convenience," but the Association made no effort to engage in a good faith dialogue to search for an appropriate reasonable accommodation

30.    As verification of his disability related need for his emotional support animal the ASSOCIATION was provided a letter from EARNEST's medical care provider, Christopher Rotondo, PA-C. The letter of verification is marked, attached hereto and incorporated by reference as Exhibit 2.

31.    On May 2, 2023 EARNEST sent a second communication to the ASSOCIATION offering to purchase a liability policy with a $50,000.00 limit in addition to the professional training in order to continue living with Dora.

32.    Without any inquiry regarding the measures employed by EARNEST to prevent another accident with Dora, or communication with EARNEST or his counsel, on May 8, 2023 the ASSOCIATION's Board voted to deny EARNEST's request that he be allowed to continue living with Dora for necessary disability-related emotional support while she is being trained.

33.     A housing provider may only deny a reasonable accommodation for an assistance animal only if the specific animal poses a direct threat that cannot be eliminated or reduced to an acceptable level through actions the individual takes to maintain or control the animal.

34.     Despite being aware of Dora's status as an emotional support animal, the ASSOCIATION did not conduct an individual assessment regarding whether Dora genuinely poses a substantial risk of harm to other residents or their property.

35.     Assuming arguendo that an independent evaluation indicated Dora actually poses a legitimate threat to other residents and/or their pets even after EARNEST's actions to mitigate any risk, despite being aware of Dora's status as an emotional support animal, the ASSOCIATION did not explore whether there were additional measures such as muzzling Dora when she is outside EARNEST's unit, obtaining additional training or equipment or medication for Dora so that Dora can continue living with EARNEST for emotional support.

36.     The ASSOCIATION at all times relevant had actual knowledge of EARNEST's disabilities and his related need for an assistance animal.

37.     Rather than engaging in an interactive dialogue with EARNEST in good faith, the ASSOCIATION had EARNEST served a "STATUTORY OFFER TO PARTICIPATE IN PRESUIT MEDIATION" demanding that he choose from five listed mediators and pay half of the expense of mediation and his own attorney's

fees to participate in mediation, or the ASSOCIATION would file a lawsuit against

him without further warning and possibly pursue him for its legal fees and costs.

The "STATUTORY OFFER TO PARTICIPATE IN PRESUIT MEDIATION" is

marked, attached hereto and incorporated by reference as Exhibit 3.

38.    The ASSOCIATION has, through its actions described herein, demonstrated

willful, reckless, and wanton disregard for EARNEST's disabilities by failing to

grant him an accommodation so he can continue residing with Dora.

39.    EARNEST has been injured by the ASSOCIATION's discriminatory housing

practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. §

3602(i).

40.    The ASSOCIATION actions were the legal cause of EARNEST's injuries.

As a result of the aforementioned acts and omissions of the ASSOCIATION,

EARNEST has suffered mental anguish, emotional distress, frustration,

humiliation, and loss of capacity for the enjoyment of life. These losses are either

permanent or continuing and EARNEST will suffer these losses in the future.

41.    EARNEST has retained undersigned counsel to represent her in this matter

and has agreed to pay her reasonable fees for her services.

42.    Each and all of the above acts, both of omission and commission, were acts

of discrimination done with deliberate indifference to EARNEST's disability and

each and all were a proximate cause of the damages suffered by EARNEST.

43.     All conditions precedent to bringing of this action by EARNEST have

occurred, or the performance of such conditions have been waived by Defendant.

**COUNT I**
**FEDERAL FAIR HOUSING ACT**
**FAILURE TO REASONABLY ACCOMMODATE**
**IN VIOLATION OF 42 U.S.C. § 3604(f)(3)(B) FHA**

EARNEST re-alleges and reincorporates by reference paragraphs 1 through

43 as if fully set forth herein.

44.     In order to have equal use and enjoyment of his home, it is necessary that

EARNEST have the ability to live with his emotional support animal.

45.     The ASSOCIATION has at all times relevant to this action had actual

knowledge of EARNEST's disabilities, as well as knowledge of his need to live with

his emotional support animal.

46.     EARNEST provided reliable third-party verification of his disability related

need for an accommodation, in order that he may reside with his emotional support

animal that assists him in coping with his disabilities.

47.     The ASSOCIATION denied EARNEST's accommodation request.

48.     The ASSOCIATION purports to base its denial of EARNEST's request for

accommodation on the risk that Dora will cause future harm, but the

ASSOCIATION never evaluated, nor made any effort to evaluate, whether Dora

truly posed a substantial threat to other residents and/or their pets, and, if she did, whether any such risk was being or could be effectively managed so that EARNEST would not be forced to choose between his home and the assistance animal EARNEST needs to manage the symptoms of his disabilities.

49.     Such actions by were in total and reckless disregard of EARNEST's rights, and were indifferent to the disability-related needs of EARNEST.

50.     The ASSOCIATION through its conduct and acts described above, violated 42 U.S.C. § 3604(f), FHA, by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations were necessary to afford EARNEST an equal opportunity to use and enjoy his dwelling.

51.     Waiving the no pet policy so that EARNEST may live in his own home within the Lake Saunders community with his assistance animal Dora would not: (1) result in a direct threat to the health or safety of others or substantial physical damage to the property of others; (2) pose an undue financial and administrative burden to the ASSOCIATION; or (3) fundamentally alter the nature of the ASSOCIATION's operations.

52.     As a direct and proximate result of the ASSOCIATION's failure to accommodate him, EARNEST suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his rights to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff  WALTER EARNEST demands judgment against Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. to declare that the actions of LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. violated the Federal Fair Housing Act by discriminating against a person with disabilities, and to award Plaintiff compensatory and punitive damages, attorneys' fees and costs,  as well as any other such relief as this Court deems just and equitable.

**COUNT II**
**FLORIDA FAIR HOUSING ACT**
**FAILURE TO REASONABLY ACCOMMODATE**
**IN VIOLATION OF FLA. STAT. § 760.23(9)(b) FFHA**

Plaintiff re-alleges and reincorporates by reference paragraphs 1 through 43 as if fully set forth herein.

53.    The discriminatory actions of the ASSOCIATION in the above federal claims are so related to the state claim that they are part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

54.    The ASSOCIATION has failed to provide a reasonable accommodation in violation of §760.23(9)(b), Florida Statutes.

55.    As a direct and proximate result of the ASSOCIATION failure to accommodate, EARNEST suffered irreparable loss and injury including, but not

limited to mental anguish, loss of dignity, emotional distress, humiliation, and loss of his rights to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff  EARNEST WILDER demands judgment against Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. to declare that the actions of LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. violated the Florida Fair Housing Act by discriminating against a person with disabilities, and to award Plaintiff compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff EARNEST WILDER respectfully requests that this Court enter judgment as follows:

a) Declaring the discriminatory housing practices of Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. as set forth above, violate the FHA and FFHA;

b) Enjoining Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. from discriminating against any person based upon handicap by refusing to make a reasonable accommodation when such accommodation may be necessary to afford a person with a handicap an equal right to enjoy a dwelling;

c) Requiring Defendant LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. to notify and distribute, in writing to each and every resident of the LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. community, a legal reasonable accommodation policy enumerating its residents' FHA and FFHA rights with respect to disability-related assistance animals;

d) Awarding to Plaintiff such damages as would fully compensate him for any injuries caused by LAKE SAUNDERS POINTE HOMEOWNERS ASSOCIATION INC. discriminatory conduct;

e) Awarding to Plaintiff punitive damages;

f) Awarding to Plaintiff reasonable attorney's fees and costs incurred in bringing this action to enforce the FHA and FFHA;

g) Granting such other relief as justice may require.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury trial for all issues so triable.


Respectfully submitted this 30th day of May, 2023.


/s/ Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.

249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001
Counsel for Plaintiff Walter Earnest